## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TANESHA BROWN, | : | Jury Trial Demanded |
|  | : |  |
|  | : |  |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
|  | : | Civil Action No. |
| AUTOZONE, INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

Plaintiff, TANESHA BROWN, by and through her attorneys, Freundlich & Littman,

LLC, hereby files the following Civil Action Complaint against Defendant, AUTOZONE, INC.

("Defendant" or "AutoZone"), for violations of the Americans with Disabilities Act, as amended,

42 U.S.C. § 12101 et seq. ("ADA"); the Pennsylvania Human Relations Act, as amended, 43 P.S.

§ 951 et seq. ("PHRA"); and the Philadelphia Fair Practices Ordinance ("PFPO").

## **PARTIES**

1. Plaintiff, TANESHA BROWN ("MS. BROWN" or "PLAINTIFF"), is an adult individual

and resident of the Commonwealth of Pennsylvania.

2. Defendant, AUTOZONE, INC. (hereinafter "AUTOZONE" or "DEFENDANT"), is a

foreign business corporation authorized to conduct business in the Commonwealth of

Pennsylvania, with a retail location at 7350 Oxford Avenue, Philadelphia, Pennsylvania 19111.

3. At all times relevant to this Civil Action, Defendant was Plaintiff's employer within the

meaning of the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations

Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").

4. At all times relevant to this Civil Action, Defendant employed at least fifteen (15) employees and was an employer subject to the provisions of the ADA, PHRA, and PFPO.

5. At all times relevant to this Civil Action, Plaintiff was employed by Defendant as a Store Associate.

6. At all times relevant to this Civil Action, Plaintiff was qualified for her position and satisfactorily performed the essential functions of her job with or without reasonable accommodation.

## JURISDICTION AND VENUE

7. This action arises under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq. ("ADA"). This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. § 1367, including claims brought under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq., and the Philadelphia Fair Practices Ordinance ("PFPO").

9. Venue is proper in the Eastern District of Pennsylvania because Plaintiff was employed by Defendant in Philadelphia County, Pennsylvania, where the discrimination, harassment, hostile work environment, failure to accommodate, retaliation, and wrongful termination complained of herein occurred.

10. On or around February 20, 2026, Plaintiff, Tanesha Brown, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination, failure to accommodate, hostile work environment, retaliation, and wrongful termination.

11. Plaintiff's Charge of Discrimination was dual-filed with the Pennsylvania Human Relations Commission ("PHRC") and the Philadelphia Commission on Human Relations ("PCHR").

12. Plaintiff's rights under the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance are ripe for adjudication, or alternatively will become ripe during the pendency of this action. Plaintiff includes her PHRA and PFPO claims herein in the interest of judicial economy.

13. On or around March 5, 2026, the EEOC issued and sent a Dismissal and Notice of Rights to Plaintiff concerning Charge No. 530-2026-03998.

14. This action is commenced within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## MATERIAL FACTS

15. Plaintiff, TANESHA BROWN, was employed by Defendant AUTOZONE, INC. as a Store Associate at its retail location located at 7350 Oxford Avenue, Philadelphia, Pennsylvania.

16. Plaintiff worked for Defendant for over a decade.

17. At all times relevant, Plaintiff performed her job duties competently, satisfactorily, and in accordance with Defendant's legitimate expectations.

18. Plaintiff's position included customer service responsibilities, inventory assistance, stocking merchandise, and general store operations.

19. During her employment, Plaintiff developed brain lesions, a serious medical condition that constitutes a disability within the meaning of the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").

20. Plaintiff's disability substantially limited one or more major life activities, including but not limited to memory, concentration, thinking, cognitive functioning, and neurological functioning.

21. Defendant was aware of Plaintiff's disability and medical condition.

22. As a result of her disability, Plaintiff required medical leave and informed Defendant of her medical condition and resulting limitations.

23. Upon Plaintiff's return to work following her medical leave, Defendant failed to support or accommodate Plaintiff's disability.

24. Instead, Plaintiff was subjected to ridicule, mockery, harassment, and discriminatory treatment by managers and coworkers because of her disability and the symptoms associated with her medical condition.

25. Managers and employees made disparaging comments, jokes, and remarks concerning Plaintiff's memory issues, cognitive limitations, and medical condition.

26. Plaintiff was treated as a source of ridicule because of her disability.

27. Defendant knew or should have known of the discriminatory and harassing conduct directed toward Plaintiff.

28. Despite such knowledge, Defendant failed to take prompt or effective remedial action to investigate, correct, or prevent the discriminatory conduct.

29. The harassment directed toward Plaintiff was severe and pervasive and altered the terms and conditions of Plaintiff's employment.

30. The discriminatory conduct interfered with Plaintiff's ability to perform her job duties and exacerbated her medical condition.

31. Defendant failed to engage in the interactive process required by law to identify and implement reasonable accommodations for Plaintiff's disability.

32. Defendant failed and refused to meaningfully explore reasonable accommodations that would have allowed Plaintiff to continue performing her job duties.

33. Such accommodations included, but were not limited to, modified duties, additional support, scheduling flexibility, and other reasonable workplace adjustments.

34. At all relevant times, Plaintiff remained qualified for her position and was capable of performing the essential functions of her job with reasonable accommodation.

35. Rather than accommodating Plaintiff's disability or addressing the discriminatory harassment directed toward her, Defendant subjected Plaintiff to increased scrutiny and adverse treatment.

36. Defendant's conduct toward Plaintiff intensified after becoming aware of Plaintiff's disability and medical limitations.

37. On or around April 28, 2025, Defendant terminated Plaintiff's employment.

38. Defendant terminated Plaintiff after becoming aware of her disability and medical limitations.

39. Defendant's stated reasons, if any, for Plaintiff's termination were false and pretextual.

40. The true motivating factors behind Plaintiff's termination were her disability, Defendant's unwillingness to accommodate her disability, and discriminatory animus toward Plaintiff because of her medical condition.

41. Similarly situated employees who were not disabled were not subjected to the same harassment, ridicule, adverse treatment, or termination.

42. The close temporal proximity between Defendant's knowledge of Plaintiff's disability, the discriminatory treatment directed toward Plaintiff, and Plaintiff's termination evidences unlawful discriminatory intent.

43. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, loss of wages and benefits, emotional distress, humiliation, embarrassment, anxiety, mental anguish, and exacerbation of her medical condition.

44. Plaintiff has suffered and continues to suffer economic damages, emotional pain, inconvenience, loss of enjoyment of life, and other non-economic damages.

45. Defendant's conduct was intentional, willful, malicious, reckless, and undertaken with conscious disregard for Plaintiff's federally, state, and locally protected rights.

46. Defendant's discriminatory conduct was severe and pervasive, creating a hostile work environment.

47. As a result of Defendant's unlawful conduct, Plaintiff seeks all available legal and equitable relief, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and reinstatement or, alternatively, front pay in lieu of reinstatement.

## <u>COUNT I</u>

### <u>DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE, HOSTILE WORK ENVIRONMENT, AND WRONGFUL TERMINATION UNDER THE AMERICANS WITH DISABILITIES ACT</u>

48. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

49. The Americans with Disabilities Act prohibits discrimination against a qualified individual on the basis of disability with respect to the terms, conditions, privileges, and termination of employment.

50. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

51. Plaintiff suffered from brain lesions and related cognitive impairments that substantially limited one or more major life activities, including memory, concentration, thinking, and neurological functioning.

52. Defendant was aware of Plaintiff's disability and medical condition.

53. Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodation.

54. Defendant failed to engage in the interactive process required by the ADA.

55. Defendant failed and refused to provide Plaintiff with reasonable accommodations.

56. Defendant subjected Plaintiff to ridicule, mockery, harassment, and disparate treatment because of her disability.

57. The discriminatory conduct directed toward Plaintiff was severe and pervasive and altered the terms and conditions of her employment.

58. Defendant failed to take prompt and effective remedial action to stop the discriminatory conduct.

59. Defendant terminated Plaintiff's employment because of her disability and because of its unwillingness to accommodate her disability.

60. Defendant's stated reasons for Plaintiff's termination were false and pretextual.

61. Defendant's actions constitute disability discrimination, failure to accommodate, hostile work environment, and wrongful termination in violation of the ADA.

62. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, lost benefits, emotional distress, humiliation, embarrassment, mental anguish, inconvenience, and other compensatory damages.

63. Defendant's conduct was intentional, willful, malicious, and undertaken with reckless disregard for Plaintiff's federally protected rights.

64. Plaintiff seeks all damages and relief available under the ADA, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, interest, and equitable relief.

## COUNT II

## RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

65. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

66. Plaintiff engaged in protected activity under the ADA by requesting accommodations, taking protected medical leave, communicating her disability-related limitations, and opposing discriminatory treatment.

67. Defendant was aware of Plaintiff's protected activity.

68. Following Plaintiff's protected activity, Defendant subjected Plaintiff to increased scrutiny, harassment, adverse treatment, and ultimately terminated her employment.

69. There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken against her.

70. Defendant's conduct constitutes unlawful retaliation in violation of the ADA.

71. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered the damages described herein.

## COUNT III

## DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE, HOSTILE WORK ENVIRONMENT, AND WRONGFUL TERMINATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

72. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

73. The Pennsylvania Human Relations Act prohibits discrimination on the basis of disability with respect to compensation, terms, conditions, privileges, and termination of employment.

74. Plaintiff is an individual with a disability within the meaning of the PHRA.

75. Defendant discriminated against Plaintiff because of her disability.

76. Defendant failed to engage in the interactive process and failed to provide reasonable accommodations.

77. Defendant subjected Plaintiff to severe and pervasive disability-based harassment and maintained a hostile work environment.

78. Defendant terminated Plaintiff because of her disability.

79. Defendant's conduct constitutes unlawful disability discrimination in violation of the PHRA.

80. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained the damages set forth herein.

## COUNT IV

## RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

81. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

82. Plaintiff engaged in protected activity by requesting accommodations, reporting discriminatory treatment, and asserting rights protected by the PHRA.

83. Defendant retaliated against Plaintiff because of her protected activity.

84. Defendant's conduct constitutes unlawful retaliation in violation of the PHRA.

85. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered the damages described herein.

## COUNT V

### DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE, HOSTILE WORK ENVIRONMENT, AND WRONGFUL TERMINATION UNDER THE PHILADELPHIA FAIR PRACTICES ORDINANCE

86. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

87. The Philadelphia Fair Practices Ordinance prohibits discrimination on the basis of disability with respect to the terms, conditions, privileges, and termination of employment.

88. Defendant discriminated against Plaintiff because of her disability.

89. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process.

90. Defendant subjected Plaintiff to disability-based harassment and maintained a hostile work environment.

91. Defendant terminated Plaintiff because of her disability.

92. Defendant's conduct constitutes unlawful discrimination in violation of the Philadelphia Fair Practices Ordinance.

93. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the damages described herein.

## COUNT VI

### RETALIATION UNDER THE PHILADELPHIA FAIR PRACTICES ORDINANCE

94. Plaintiff hereby incorporates all preceding paragraphs as though fully set forth herein.

95. Plaintiff engaged in protected activity under the Philadelphia Fair Practices Ordinance.

96. Defendant retaliated against Plaintiff because of her protected activity.

97. Defendant's conduct constitutes unlawful retaliation in violation of the Philadelphia Fair Practices Ordinance.

98. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the damages described herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issued to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

Very Truly Yours,

/s/ Samuel C. Wilson, Esq.
Samuel C. Wilson, Esquire

DATED: June 3, 2026